(Rev 5/3/2010)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DEBORAH KINDER,

       Plaintiff,                              Case Number 14-11284-BC

v.                                          Honorable Thomas L. Ludington

MEREDITH CORPORATION,

       Defendant.

_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Initial Disclosures Exchanged By: | October 10, 2014 |
| Expert Disclosure, plaintiff: | March 18, 2015 |
| Expert Disclosure, defendant: | April 15, 2015 |
| Pretrial Disclosures: | February 26, 2016 |
| Discovery Cutoff: | May 13, 2015 |
| Settlement Conference: | April 16, 2015 at 4:00 p.m. |
| Motion for Class Certification Filed By: | June 10, 2015 |
| Dispositive Motions Filed By: | November 30, 2015 |
| Motions *in limine* Filed By: | March 15, 2016 |
| Final Pretrial Order & Jury Instructions Due: | April 5, 2016 |
| Final Pretrial Conference: | April 12, 2016 at 4:00 p.m. |
| Trial Date: | April 26, 2016 at 8:30 a.m. |

Jury Trial

Detailed information contained in body of order.  Read Carefully:
**SOME DEADLINES MAY BE SHORTER** than Local Rules would allow.

I.     Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Fed. R. Civ. P. 6(a).

II.    DISCOVERY.

     A.  The Court encourages and enforces Rule 26 discovery plans agreeable to all parties. Disclosure required by Fed. R. Civ. P. 26(a)(1)(A), (B) and (C) shall be served on opposing counsel, *but not filed with the Clerk*, on or before **October 10, 2014**.

     B.  Disclosure of information regarding expert witnesses required by Fed. R. Civ. P. 26(a)(2) shall be made as follows: disclosure of an expert witness's identity under Rule 26(a)(2)(A) shall be made within three (3) business days of the expert's retention; other disclosure under

Rule 26(a)(2)(B) and (C) shall be served on opposing counsel, *but not filed with the Clerk*, by plaintiff on or before **March 18, 2015** and by defendant on or before **April 15, 2015**.

C. **The Court reminds the parties that Fed. R. Civ. P. 5(d) and E.D. Mich. LR 26.2 prohibit the filing with the clerk depositions, interrogatories, requests for the production of documents, requests for admission, responses to such discovery material, *and certificates of service* except as provided for in Local Rule 26.2. Additionally, disclosures under Rule 26(a)(1) and (2), the corresponding discovery requests and responses must not be filed with the Clerk until they are used in the proceedings or the Court orders them to be filed pursuant to Local Rule 26.2. *See* Fed. R. Civ. P. 5(d).**

D. A list in the form required by Fed. R. Civ. P. 26(a)(3)(A) and (B) of the witnesses, both lay and expert, whom a party may call to testify, shall be filed with the Clerk and served on opposing counsel on or before **February 26, 2016**.

E. Discovery shall be completed on or before **May 13, 2015**. This Court will not order supplemental discovery to take place subsequent to the discovery cutoff date, but the Court will reach the merits of discovery motions, including motions to compel, that were filed before the cutoff date. Discovery can be extended both before and after the discovery cutoff date by stipulation if the extension of time does not affect the motion cutoff, final pretrial conference, or trial dates. Typically, the dispositive motion cutoff date must be at least 120 days before the final pretrial conference to ensure any motions are resolved at least ten days before the final pretrial conference. *See* E.D. Mich. L.R. 16.1(f).

F. Discovery motions may be referred to the magistrate judge. Once a motion has been referred, all communication regarding that motion should be directed to the magistrate judge's chambers.

III.      MOTION for Class Certification.

A. The deadline for filing a motion for class certification shall be **June 10, 2015**.

IV.      DISPOSITIVE MOTIONS. Dispositive motions shall be filed on or before **November 30, 2015**. No party may file more than one motion for summary judgment or motion to dismiss without obtaining leave of court. Challenges to several counts of a complaint shall be brought in a single motion. When filing dispositive motions, parties shall proceed in accordance with the following:

A. Before filing or responding to a dispositive motion, the parties are urged to review the relevant Federal Rules and case law, particularly *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), for summary judgment motions, and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), for motions to dismiss. The parties need not include a lengthy recitation of the principles from these cases in their briefs. Rather, the focus should be on particularly relevant cases from controlling authorities.

B. Facts stated in the statement of material facts *must* be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Entire depositions transcripts, however, generally should not be included as exhibits. Rather, counsel should submit the relevant pages along with enough accompanying material to provide context. The full text of any unpublished source, including unpublished opinions or opinions published only in a specialty reporter, should also be included as exhibits. There must be an index of the exhibits.

C. The Court Clerk will send out a notice of the hearing date. The Court does not issue a briefing schedule. The Court enforces the response and reply due dates as set forth in L.R. 7.1(d) and Fed. R. Civ. P. 6, even when the motion hearing is set far in advance.

D. One "courtesy" or "chambers copy" of all dispositive motion papers, as defined in E.D. Mich. LR 7.1(d)(1)(A), (including responses and replies) and all accompanying exhibits must be submitted directly to the judge's chambers. Exhibits must have labels attached which extend beyond the right side of the paper and all papers firmly bound along the left margin ("book-style"). Courtesy copies that do not comply with formatting requirements, including exhibit tabs and book-style binding, will be returned for reformatting before they will be considered.

E. The chambers copy must be sent via first class mail the same day the document is e-filed, unless it relates to a court proceeding scheduled within the next five days or otherwise requires the immediate attention of the Court, in which case the chambers copy must be hand-delivered to chambers not later than the morning of the next business day after the document is e-filed.

V. E-FILING.

A. All attorneys must obtain a PACER account and become a registered user to allow participation in the Case Management/Electronic Case Filing (CM/ECF) system. All attorneys should become familiar with the CM/ECF Policies and Procedures, which can be found as an Appendix to the Local Rules.

B. An order to show cause why an attorney should be excused from mandatory electronic filing will issue against any attorney who disregards registering as a user of this District's electronic document filing system.

C. Please note that Federal Rule of Civil Procedure 5.2 requires the parties to redact certain information, including social-security numbers and birth dates, from electronically filed papers. It is the parties' responsibility to maintain compliance with this rule and neither the Clerk's Office nor the Court reviews papers to ensure personal information has not been made public.

VI. MOTIONS IN LIMINE must be filed by **March 15, 2016**. It is the intention of the Court that all motions *in limine* and responses shall be received by the final pretrial conference date, therefore counsel must strictly adhere to the deadlines set forth in L.R. 7.1(d)(2). Counsel should be prepared to address motions *in limine* at the final pretrial conference.

VII. ALTERNATIVE DISPUTE RESOLUTION.

Facilitation.   This process, sometimes referred to as facilitative mediation, is a very effective method for case resolution and strongly encouraged. An experienced facilitator should be employed. This process can be used at any time during the litigation, but is most beneficial after the majority of the discovery is completed and before dispositive motions are filed. The parties may arrange for facilitation without contacting chambers.

VIII.   SETTLEMENT CONFERENCE:   The parties shall appear with counsel for a settlement conference on **April 16, 2015** at **4:00 p.m.**.

Persons Required to Attend.   The following person and entities shall *personally* attend the settlement conference:

A. **Trial counsel** for each party;

B. **All parties** who are natural persons;

C. **A representative** on behalf of any other party;

D. **A representative of any insurance carrier** which has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess full authority to engage in settlement discussions and to agree upon a full and final settlement.   "Full authority" is authority that exceeds the level of the last demand by the plaintiff.

"Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

IX.   MOTION PRACTICE AND ORAL ARGUMENT.

Motions shall be clear and succinct without extensive factual development.   Briefs in support of motions must conform to the requirements of L.R. 7.1(c), and, in addition, shall contain a concise statement of facts supported by references to the record.

A courtesy copy of nondispositive motion papers (including any responses and replies) should be submitted directly to judge's chambers **if** those papers include extensive exhibits.

The Court Clerk will send out a notice of the hearing date.   The Court does not issue a briefing schedule.   Responses and replies shall be filed according to the schedule set forth in L.R. 7.1(d) and Fed. R. Civ. P. 6.   The Court will cancel oral argument if, after a review of the briefs, the Court finds that argument would be neither necessary nor helpful.

X.   FINAL PRETRIAL CONFERENCE.   The final pretrial conference shall take place on **April 12, 2016** at **4:00 p.m.**.   The proposed Joint Final Pretrial Order and proposed Jury Instructions shall be submitted to chambers before the close of business on **April 5, 2016** through CM/ECF via the "proposed order" link located under the Utilities section  in typewritten form (double spaced)

compatible with WordPerfect version 12.0.  The following is the procedure counsel are to utilize to prepare for the final pretrial conference:

A. Counsel for all parties are directed to confer in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of other counsel to respond to plaintiff's counsel and to offer their full cooperation and assistance. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his or her duty to communicate with the Court.  Counsels' meeting shall be had sufficiently in advance of the date of the scheduled final pretrial conference with the Court so that counsel for each party can furnish all other counsel with a statement of the real issues the party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party.

B. Proposed Joint Final Pretrial Order.  Counsel for plaintiff then will prepare a draft joint final pretrial order and submit it to opposing counsel, after which all counsel will jointly submit the final draft of the proposed joint final pretrial order to the Judge's chambers (or in open court, if so directed) on the date fixed for submission.  All instructions contained within this order must be followed carefully; they will be binding on the parties at trial.  The proposed joint final pretrial order should provide for the signature of the Court, which, when signed, will become an Order of the Court.

C. Proposed Joint Jury Instructions.  In jury cases, the parties are hereby ordered to meet and confer prior to trial to discuss jury instructions.  The parties are to provide to chambers a single set of proposed stipulated jury instructions on the date fixed for submission. The Court will provide proposed opening and closing instructions, and counsel are responsible for all instructions related to their specific claims or defenses.  Each instruction shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08").  In addition, each party shall separately submit any additional proposed instructions (in the same form and manner) to which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

If there are any pending motions requiring determination in advance of trial,[1] they should specifically be called to the Court's attention no later than the date of submission of the final pretrial order.

Requests for adjournment of the final pretrial conference should be made in accordance with section XIV of this Order.

XI.   TRIAL.  Trial shall commence on **April 26, 2016** at **8:30 a.m.**

---

[1]   This includes motions in limine, disputes over specific jury instructions or the admissibility of any evidence at trial upon which the parties desire to present authorities and argument to the Court.

XII.     OTHER PRETRIAL MATTERS.  At least **ONE WEEK** prior to the trial date all counsel shall furnish to the court the following in proper form:

    A.  In jury cases, any requests for *VOIR DIRE*

    B.  A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

    C.  In non-jury cases, proposed *FINDINGS OF FACT* and *CONCLUSIONS OF LAW* and trial briefs.

XIII.    EXHIBITS DURING TRIAL.

    A.  Counsel are required to mark all proposed exhibits in advance of trial; the preferred method is to use the traditional "Plaintiff's Exhibit __" (yellow) and "Defendant's Exhibit __" (blue) stickers, but any clearly marked method is acceptable.  A consecutive numbering system should be used by each party.   Numbers used by one party shall not be used by other parties.

    B.  Counsel are required to keep track of all admitted exhibits during trial, and *one week* prior to trial shall submit an exhibit list using the attached exhibit form.

    C.  If exhibits are voluminous, exhibits used for each witness should be bound separately, and binders should be provided to the Court and each juror.

    D.  Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial.  Such exhibits should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

    E.  It is the responsibility of the parties to see that the record is complete at the conclusion of trial in accordance with the Local Court Rules.

    F.  The Court requires full disclosure to opposing counsel of computer generated visual or animated evidence and full disclosure of underlying data.

    G.  Any party intending to use electronic aids to display evidence at trial shall disclose that intention to the Court and all other parties at or before the final pretrial conference.  Parties are responsible for providing equipment for such purpose.

XIV.    SCHEDULING ORDER CHANGES.

    A.  Requests for extensions of time or modification of the scheduled dates are not routinely granted.

    B.  All requests shall be made *in writing* to the Court setting forth good cause, *see* Fed. R. Civ. P. 16(b), in a (1) stipulation by the parties with a proposed order or (2) motion that states that concurrence was sought and refused.  The Court will consider persuasiveness of the reasons

for the extension and the overall reasonableness of the request, including its effect on the other dates in the scheduling order.

XV.   ATTORNEY ADMISSIONS.

    A.  Local Rule 83.20 governs attorney admissions and outlines requirements for the admission of out-of-state counsel who wish to practice in this District.  All inquiries regarding admission to the Eastern District must be directed to the Clerk's Office at (989) 894-8800.

    B.  In every case involving out-of-state counsel, there must be at least one attorney who is admitted to practice in the State of Michigan and can accept service in Michigan.  E.D. Mich. L.R. 16(f).

XVI.   PROTECTIVE ORDERS AND FILING UNDER SEAL.

    A.  The rules for entry of a protective order and filing documents or other information under seal are distinct.  *Compare* E.D. Mich. L.R. 26.4 *with* E.D. Mich. L.R. 5.3.

    B.  Protective orders should generally be submitted by stipulation, and cover information the parties agree is confidential or privileged.  However, a stipulated protective order will not be entered if it requires that information covered by the order be filed under seal.  Each document or exhibit that a party wishes to file under seal will be reviewed independently pursuant to the standards of Local Rule 5.3.


                                                        s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge

Dated:   October 2, 2014


<div style="border:1px solid black; text-align:center;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 2, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |