UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH KINDER, individually and on behalf
of all others similarly situated,

        Plaintiff,                         Case No. 14-cv-11284

v                                                     Honorable Thomas L. Ludington

MEREDITH CORPORATION,

        Defendant.

_____/

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

      This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into between Plaintiff Deborah Kinder though her counsel ("Kinder"), and Defendant Meredith Corporation ("Meredith") through its counsel, (collectively, the "Parties");

      WHEREAS, in the course of this litigation, the Parties have sought or may seek certain discovery from one another or from certain third parties (each, a "Non-Party"), including through service of document requests, interrogatories, depositions, and otherwise as provided by the Federal Rules of Civil Procedure and the Local Rules of this Court ("Discovery Requests"); and

      To expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows:

      1.    This Order applies to all information, documents and things exchanged in or subject to discovery in this litigation produced on or after March 28, 2014 by a Party or a Non-Party (each a "Producing Person") in response to or in connection with any request for

1

information or discovery related to the litigation, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents and things produced (including documents and things produced to the receiving Party for inspection and documents and things provided to the receiving Party, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, except as provided in Paragraph 15 below (collectively referred to as "Discovery Material").

2. The Parties agree that the Parties shall submit this Order to the Court, without alteration, to serve as a Stipulated Protective Order for governing information exchanges and discovery. The Parties expressly agree to abide by the terms of this agreement even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

3. A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information: (i) that has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including, but not limited to, technical, business, financial, personal or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c); or (ii) that the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or (iii) that the Producing Person has in good faith been requested by another Party or Non-Party to so designate on the ground that such other Party or Non-Party considers such material to contain Information that is confidential or proprietary to such Party or Non-Party.

4. Where reasonably practicable, any Confidential Material shall be designated by the Producing Person as such by marking every such page "Confidential." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential" by informing the person to whom the material is provided, in writing in a clear and conspicuous manner at the time of production of such material, that such material is "Confidential."

5. Any Discovery Material designated "Confidential" may be used solely for the prosecution, defense or settlement of this litigation and shall not be used by any other Party, other than the Party that produced it, in any other proceeding, for business, competitive, or publicity purposes, or for any other purpose whatsoever. Nothing herein, however, shall restrict any Party's use of documents obtained from any source other than another Party or Non-Party during discovery in this litigation, regardless of whether such documents are also produced in discovery in this litigation.

6. Confidential Material shall be given, shown, made available to or communicated only to the following:

    a. Parties and outside counsel and staff working under the express direction of the Parties;

    b. inside counsel for Meredith and their staff;

    c. the Court overseeing this litigation, and its officers and clerical staff;

    d. experts and consultants (and their respective staff) that are retained in connection with this litigation;

    e. any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Material;

      f.      any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, during or in preparation for his or her noticed deposition, hearing or trial testimony where such Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however that such Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Confidential Material;

      g.      outside photocopying, graphic production services, or litigation support services;

      h.      court reporters, stenographers, or videographers who record deposition or other testimony in the litigation; and

      i.      any other person or entity with respect to whom the Producing Person may consent in writing.

      7.      Before any person or their representative identified in Paragraph 6(d) through 6(i) is given access to Discovery Materials designated "Confidential," if allowed by this Order, such person or their representative shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as Exhibit A hereto, that he or she read the Order and agrees to be bound by the terms thereof. Such executed forms shall be retained in the files of counsel for the Party who gave access to the Discovery Materials designated as "Confidential" to the person who was provided such access. Such executed forms shall not be subject to disclosure under the Federal Rules of Civil Procedure or the Local Rules of this Court unless a showing of good cause is made and the Court so orders.

      8.      Any Party wishing to use Confidential Material in a filing must follow Local Rule 5.3 regarding the filing of civil materials under seal. Where a Party seeks and receives permission for the Court to file such material under seal, the Party must comply with Local Rule 83.31(a)(3)(B), which requires that "[s]ealed filings authorized by statute, rule, or court

order in accordance with LR 5.3 must have the Court order or notice of filing under seal affixed to the top of the sealed envelope [and] may be delivered to the clerk's office." Each filing party will make a good faith effort to file Confidential Material under seal. If Confidential Material is not accepted for filing by the Court under seal, then such Confidential Material shall be filed or presented as the Court instructs.

9. The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. Prior to the use of any Confidential Material at trial or any hearing to be held in open court, counsel for any Party (whether or not a Producing Person) who desires to so offer or use such Confidential Material shall meet and confer with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact or limit disclosure of the Confidential Material so that the material may be offered or otherwise used by any Party. If the Parties are unable to resolve a dispute involving such redaction, the Party seeking to use such materials at trial or any hearing may then move the Court to resolve any such dispute.

10. In the case of depositions, if counsel for a Party or Non-Party believes that a portion or all of the testimony given at a deposition constitutes Confidential Material of such Party or Non-Party, counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony be sealed. The court reporter, who shall first have agreed to abide by the terms of this Order, shall be instructed to include on the cover page of each sealed transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." In addition, each page of the transcript containing information designated as Confidential shall include the legend

"Confidential." If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential" as appropriate, if any portion of the transcript itself is so designated. When testimony designated as Confidential during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated. In addition, any Party or Non-Party may designate the transcript or videotape of a deposition as Confidential within seven (7) court days of the Party's or Non-Party's receipt of the final transcript from the court reporter. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as Confidential Material, and directing the court reporter to place the same under seal as provided in this Paragraph 10. Until expiration of the aforesaid seven (7) court day period following receipt of the transcript by the Parties, all deposition transcripts and videotapes shall be considered and treated as Confidential unless otherwise agreed on the record at the deposition. Nothing in this Paragraph 10 shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions.

11. Nothing herein shall be a waiver or relinquishment by any person of any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

12. If any receiving Party objects to the designation of any Discovery Material as Confidential" (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the receiving Party shall first raise the objection with the Party

6

responsible for such designation, and seek to confer in good faith by telephone or in person to attempt to resolve any dispute respecting the terms or operation of this Order. If such a dispute cannot be resolved after such objection is first raised, the objecting Party may then move the Court to do so. Until the Court rules on such an issue, the Discovery Material shall continue to be treated as designated. Upon motion, the Court may order the removal of the "Confidential" designation from any Discovery Material so designated subject to the provisions of this Order. In connection with any motion concerning the propriety of a "Confidential" designation, the Party objecting to the designation shall bear the burden of proof.

13. A receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by another production Party of Discovery Materials as "Confidential" during the discovery period shall not be a waiver of that Party's right to object to the designation at trial.

14. To the extent that any Party has documents or information that (i) were already in its possession as of March 28, 2014; (ii) are received or become available to a Party on a proper non-confidential basis not in violation of an obligation of confidentiality to any other person; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party, nothing in this Order shall limit that Party's ability to use such documents in a deposition, hearing, trial or otherwise in connection with this litigation. Nothing in this Order shall affect the obligation to continue to comply with any confidentiality obligation to another person, including a Party, with respect thereto.

15. Within 60 days of the conclusion of the litigation, including all appeals as to all Parties, all Confidential Material, and all copies or notes thereof in the possession of any person (other than the Court), shall be returned to counsel for the respective Producing Person or destroyed, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided said retained documents will continue to be treated as provided in this Order. If a person in possession of Confidential Material destroys documents after the conclusion of these proceedings, that person shall certify such destruction to opposing counsel. Notwithstanding anything in this paragraph, to the extent that the information in the Confidential Material remains confidential, the terms of this Order shall remain binding.

16. This Order applies to all Non-Parties that are served with subpoenas in connection with the litigation or who otherwise produce documents or are noticed for deposition in connection with the litigation, and all such Non-Parties are entitled to the protection afforded hereby upon signing a copy of Exhibit A to this Order and agreeing to be bound by its terms.

17. Any Party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of the Order.

18. Any person or Party subject to this Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another Party's or Non-Party's information designated under one of the categories of confidentiality pursuant to this Order: (i) shall promptly notify that Party or Non-Party to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) shall not provide such materials unless required by law or regulation with the consent of the Producing Person.

19. Nothing in this Order affects the right of any Producing Person that designates material "Confidential" to use or disclose such material in any way. Such disclosure will not waive the protections of this Order and will not entitle other Parties, Non-Parties, or their attorneys to use or disclose such material in violation of this Order, except that if the Producing Person uses such material in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation.

20. Except as provided in this paragraph, following a Producing Person's production or dissemination of Discovery Material, the failure to designate particular Discovery Material as "Confidential" at the time of production shall not operate to waive a claim that the Discovery Material is "Confidential." No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, any such Discovery Material shall be treated as "Confidential" in accordance with this Order; provided, however, that if the Discovery Material that was not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief. If an omitted "Confidential" designation is first claimed during the course of a deposition or hearing, the subject Discovery Material will be used during that day's deposition or hearing as though such designation had been previously made.

21. If information or documents subject to a claim of privilege or of protection as trial preparation material are produced on or after March 28, 2014, such production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information either in connection with the litigation or in

9

any other state or federal proceeding. If information or documents produced on or after March 28, 2014, are subject to a claim of privilege or of protection as trial preparation material, the Producing Person making the claim may notify any Party or Non-Party that received the information of the claim and the basis for it. After being notified, a Party or Non-Party must promptly return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Person must preserve the information until the claim is resolved. Nothing herein shall be construed to prejudice any Party's right to argue that any document or information is or is not privileged under applicable law.

22. Nothing herein shall be deemed to prevent a Party or Non-Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a Party or Non-Party from seeking additional or further limitations on the use or disclosure of such information.

23. The provisions of this Order shall survive the final termination of the litigation for any retained Confidential Material.

It is so **ORDERED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 3, 2015

STIPULATED TO:

/s/Jeffrey G. Landis
Marc Zwillinger
Jake Sommer
Jeffrey Landis
ZwillGen PLLC
1900 M St. NW, Ste. 250
Washington, DC 20036
202) 706-5205
marc@zwillgen.com
jeff@zwillgen.com

Robert M. Jackson (P40723)
Arthur T. O'Reilly (P70406)
Honigman Miller Schwartz and Cohn, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226
(313) 465-7430
rjackson@honigman.com
aoreilly@honigman.com

*Attorneys for Defendant Meredith Corporation*
/s/ Benjamin S. Thomassen
Ari J. Scharg
Benjamin S. Thomassen
EDELSON PC
350 N. LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
ascharg@edelson.com
bthomassen@edelson.com

Henry M. Scharg – P28804
LAW OFFICE OF HENRY M. SCHARG
718 Ford Building
Detroit, MI 48226
Tel: (248) 596-1111
Fax: (248) 671-0335
hmsattyatlaw@aol.com

*Counsel for Plaintiff Deborah Kinder and the Putative Class*

11

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2015.

                                      s/Suzanne M. Gammon
                                      SUZANNE M. GAMMON