UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEBORAH KINDER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEREDITH CORPORATION, an Iowa corporation,<br><br>Defendant. | Case No. 1:14-cv-11284-TLL-CEB<br><br>Hon. Thomas L. Ludington |

**UNOPPOSED MOTION FOR ORDER PERMITTING
PLAINTIFF TO FILE MOTION FOR CLASS CERTIFICATION,
SUPPORTING DECLARATIONS, AND EXHIBITS UNDER SEAL**

Pursuant to Local Rules 5.3(b) and 26.4, Plaintiff Deborah Kinder ("Plaintiff") hereby respectfully requests that the Court enter an Order permitting Plaintiff to file under seal her Motion for Class Certification, the supporting Declarations of Ari Scharg and Amir Missaghi, and certain of the exhibits accompanying those declarations. Plaintiff certifies that, pursuant to Local Rule 7.1(a), there was a conference between attorneys for Plaintiff and attorneys for Defendant Meredith, Inc. ("Meredith") on August 10, 2015 and Meredith's attorneys indicated that they do not oppose the relief sought in this Motion.

**WHEREFORE**, Plaintiff Deborah Kinder respectfully requests that this Court enter an Order (i) granting Plaintiff's Motion to File her Motion for Class

Certification, Supporting Declarations, and Exhibits Under Seal, and (ii) providing such other and further relief as the Court deems reasonable and just.

Dated: August 10, 2015     Respectfully submitted,

**DEBORAH KINDER**, individually and on behalf of all others similarly situated

By: /s/ Ari J. Scharg
 One of her attorneys

Ari J. Scharg
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 N. LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

Henry M. Scharg —P28804
hmsattyatlaw@aol.com
LAW OFFICE OF HENRY M. SCHARG
718 Ford Building
Detroit, Michigan 48226
Tel: 248.596.1111
Fax: 248.596.1578

*Counsel for Plaintiff Kinder and the putative classes*

ii

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEBORAH KINDER, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>MEREDITH CORPORATION, an Iowa corporation,<br><br>    Defendant. | Case No. 1:14-cv-11284-TLL-CEB<br><br>Hon. Thomas L. Ludington |

**BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR ORDER PERMITTING PLAINTIFF TO FILE MOTION FOR CLASS CERTIFICATION, SUPPORTING DECLARATIONS, AND <u>EXHIBITS UNDER SEAL</u>**

iii

## STATEMENT OF ISSUES PRESENTED

Should Plaintiff Deborah Kinder be permitted to file her Motion for Class Certification, its supporting declarations, and certain of the accompanying exhibits under seal?

Plaintiff's Answer: Yes.

# CONTROLLING AND MOST IMPORTANT AUTHORITY

E.D. Mich. L.R. 5.3

E.D. Mich. L.R. 26.4

Plaintiff Deborah Kinder ("Plaintiff") submits this brief in support of her unopposed motion to file her Motion for Class Certification, supporting declarations, and certain accompanying exhibits under seal. Plaintiff's Motion for Class Certification, its supporting declarations, and their exhibits reference and contain documents and/or information that has been designated as "Confidential" by Defendant Meredith Inc. ("Meredith") pursuant to the Protective Order previously entered in this case. (Dkt. 28.)

It is well settled that courts have supervisory power over their own records and files, and may deny access "where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) (noting that legitimate interests to limit public access include "certain privacy rights of participants or third parties [and] trade secrets"); *Turner v. Bresette*, 2012 WL 4511244, at *2 (E.D. Mich. Sept. 30, 2012) ("The Court may order that documents containing private or sensitive information be filed under seal.") (citing E. D. Mich. L. R. 5.3). A party seeking to file a document under seal must demonstrate "compelling reasons" for doing so. *White v. GC Servs. Ltd. P'ship*, 2009 WL 174503, at *1 (E.D. Mich. Jan. 23, 2009) (citing *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987)).

Here, compelling reasons exist to allow Plaintiff to file her Motion for Class

1

Certification, supporting declarations, and accompanying exhibits under seal. Plaintiff's Motion for Class Certification supporting declarations, and accompanying exhibits reference and contain information deemed sensitive and/or proprietary—and which is marked "Confidential" by Meredith—pursuant to the Protective Order entered in this case. As such, pursuant to Local Rule 5.3(b)(2)(A)(iv), a means other than sealing these documents is not available or is unsatisfactory to preserve Meredith's interests in protecting the private and sensitive information contained therein.

### *Documents Requested to be Filed Under Seal*

1. An un-redacted version of Plaintiff's Motion for Class Certification. This document contains detailed references to the exhibits listed below (i.e., submitted as exhibits attached to the supporting declarations of Ari J. Scharg and Amir Missaghi), which contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

2. An un-redacted version of the supporting Declaration of Ari J. Scharg. This document contains detailed references to the exhibits listed below, which contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order:

    a. Exhibit B to the Declaration of Ari J. Scharg. This document consists of excerpts from Defendant's Responses to Plaintiff's First Set of

Interrogatories, which contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

      b.      Exhibit C to the Declaration of Ari J. Scharg. This document consists of excerpts from the deposition of Meredith's Rule 30(b)(6) designee Julie Martin, which contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

      c.      Exhibit E to the Declaration of Ari J. Scharg. This document consists of excerpts from the deposition of Acxiom Corporation's ("Acxiom") Rule 30(b)(6) designee Kay Atchley, which contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

      d.      Exhibit H to the Declaration of Ari J. Scharg. This document consists of excerpts from the deposition of Meredith's Rule 30(b)(6) designee Cheryl Dahlquist, which contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

      e.      Exhibit J to the Declaration of Ari J. Scharg. This document is entitled "Summary of Meredith Data Licensing Clients" and was produced by Meredith as TIME_RCO_ MER_KIN_76170 in this matter. This

document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  f. Exhibit K to the Declaration of Ari J. Scharg. This document is entitled "Summary of Overlay Data Vendors." It was produced by Meredith as TIME_RCO_ MER_KIN_76170 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  g. Exhibit L to the Declaration of Ari J. Scharg. This document is an agreement between Meredith and third party Acxiom (entitled "Restated Data License Agreement") that was produced by Meredith as Bates MER_KIN_38475–96 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  h. Exhibit M to the Declaration of Ari J. Scharg. This document is an agreement between Meredith and third party Acxiom (entitled "Amendment No. 2 to Restated Data License Agreement") that was produced by Meredith as Bates MER_KIN_38463–4 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  i. Exhibit O to the Declaration of Ari J. Scharg. This document is

an agreement between Meredith and third party Wiland Direct (entitled "Wiland Direct Cooperative Database Agreement for Publishers") that was produced by Meredith as Bates MER_KIN_39112–16 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

   j. Exhibit Q to the Declaration of Ari J. Scharg. This document is an agreement between Meredith and third party Alliant (entitled "Alliant Marketing Database Contributor Services Agreement") that was produced by Meredith as Bates MER_KIN_38855–58 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

   k. Exhibit S to the Declaration of Ari J. Scharg. This document is an agreement between Meredith and third party Abacus (entitled "Abacus Cooperative Agreement") that was produced by Meredith as Bates MER_KIN_76953–55 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

   l. Exhibit T to the Declaration of Ari J. Scharg. This document consists of excerpts from Defendant's Responses to Plaintiff's Second Set of Interrogatories, which contain sensitive and/or proprietary information

5

marked Confidential by Meredith pursuant to the Protective Order.

    m.    Exhibit U to the Declaration of Ari J. Scharg. This document consists Table Attachment to Defendant's Responses to Plaintiff's Second Set of Interrogatories ("Sum of Number of Orders"), which contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

    n.    Exhibit V to the Declaration of Ari J. Scharg. This document is an internal document explaining Meredith's "Do Not Promote Process" that was produced by Meredith as Bates MER_KIN_68089–94 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

3.    An un-redacted version of the supporting Declaration of Amir Missaghi. This document contains detailed references to the exhibits listed below, which contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

    e.    Exhibit A to the Declaration of Amir Missaghi. This document contains excerpts from a file produced by Meredith (Bates MER_KIN_00082276.txt), which containing raw data from Meredith's customer database relating to Plaintiff and her various magazine subscriptions and was produced by Meredith as in this matter. This

6

document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order and contains Plaintiff's sensitive information concerning written materials she has purchased.

  f. Exhibit B to the Declaration of Amir Missaghi. This document is Defendant's Responses to Plaintiff's Second Set of Interrogatories. This document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  g. Exhibit C to the Declaration of Amir Missaghi. This document is an agreement between Meredith and third party Acxiom (entitled "Restated Data License Agreement") that was produced by Meredith as Bates MER_KIN_00038475–496 in this matter. This document contains sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  h. Exhibit D to the Declaration of Amir Missaghi. This exhibit is a compilation of Meredith's Business Requirements for Acxiom Outgoing Files and was produced by Meredith as Bates MER_KIN_00089779–796 and MER_KIN_00089811–816 in this matter. These documents contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  i. Exhibit E to the Declaration of Amir Missaghi. This exhibit is a compilation of Meredith's files entitled, *Business Requirements: Wiland Direct Magazine Co-op Outgoing File*, which were produced by Meredith as Bates MER_KIN_00089844–879 in this matter. These documents contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  j. Exhibit F to the Declaration of Amir Missaghi. This document is a July 17, 2015 letter from Defendant's counsel, Jeff Landis, to Plaintiff's counsel, Ben Thomassen, which represented the period of disclosures from Meredith to several database cooperatives. These documents contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  k. Exhibit G to the Declaration of Amir Missaghi. This exhibit is a compilation of Meredith's files entitled, *Business Requirements: Alliant Data Magazine Co-op Outgoing File*, which were produced by Meredith as Bates MER_KIN_00089880–895 in this matter. These documents contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

  l. Exhibit H to the Declaration of Amir Missaghi. This exhibit is a compilation of Meredith's files entitled, *Business Requirements: Abacus*

*Data Magazine Co-op Outgoing File,* which were produced by Meredith as Bates MER_KIN_00089817–843, MER_KIN_00089797–810 and MER_KIN_00089751–768 in this matter. These documents contain sensitive and/or proprietary information marked Confidential by Meredith pursuant to the Protective Order.

Wherefore, Plaintiff respectfully requests that this Court enter the Proposed Order submitted contemporaneously with the filing of this Motion.

Dated: August 10, 2015                                                                  Respectfully submitted,

**DEBORAH KINDER**, individually and on behalf of all others similarly situated


By:/s/ Ari J. Scharg
 One of her attorneys

Ari J. Scharg
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 N. LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

Henry M. Scharg —P28804
hmsattyatlaw@aol.com
LAW OFFICE OF HENRY M. SCHARG
3718 Ford Building

9

        Detroit, Michigan 48226
        Tel: 248.596.1111
        Fax: 248.596.1578

        *Counsel for Plaintiff Kinder and the putative classes*

## **CERTIFICATE OF SERVICE**

      I, Ari J. Scharg, an attorney, certify that on August 10, 2015, I served the above and foregoing *Unopposed Motion for Order Permitting Plaintiff to File Motion for Class Certification and Exhibits Under Seal*, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                              /s/    Ari J. Scharg