UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH KINDER,

                Plaintiff,                          Case No. 14-cv-11284

v                                                      Honorable Thomas L. Ludington

MEREDITH CORPORATION,

                Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL, STRIKING PLAINTIFF'S MOTIONS FOR CLASS CERTIFICATION AND SUPPORTING DECLARATIONS, STRIKING DEFENDANT'S RESPONSES, AND DIRECTING PLAINTIFF TO REFILE MOTION FOR CLASS CERTIFICATION**

**I.**

On August 10 and 11, 2015, Plaintiff Deborah Kinder filed numerous and duplicative motions for class certification (which contained redactions or were filed under seal), motions to seal, and declarations in support of those motions. *See* ECF Nos. 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45. On August 14, 2015, the Court issued an order directing Defendant Meredith Corporation to file an expedited response. ECF No. 46. Specifically, the Court directed Meredith Corporation to proffer compelling reasons and to explain in detail why sealing each exhibit and portion of the motion for class certification was merited.

Meredith Corporation filed its response on August 21, 2015, ECF No. 47, along with a declaration in support of the response, ECF No. 48. In the response, Meredith Corporation identified only one section of Plaintiff's motion that Meredith Corporation believed warranted filing under seal. Specifically, Meredith Corporation argued that specific statements regarding Meredith Corporation's revenue found on page 5 of Plaintiff's motion should be sealed. *Id.*

Meredith Corporation also identified numerous exhibits and portions of exhibits attached to Plaintiff's declarations that contain confidential information. *Id.* Meredith Corporation subsequently responded to one of Plaintiff's motions to certify the class in a number of later filings, *See* ECF Nos. 49, 50, 51, 52, and filed its own motion to seal certain exhibits. ECF No. 53.

**II.**

**A.**

It has been long established that the Court "has supervisory power over its own records and files," *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978), and that this supervisory authority includes allowing parties to file certain documents under seal. *See* FED. RULE CIV. PROC. 26(C). The Court, however, must balance this power with the "long-established legal tradition" of public access to court documents. *Brown & Williamson Tobacco Corporation v. Federal Trade Commission*, 710 F.2d 1165, 1177 (6th Cir.1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville NewsSentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir.1983).

In the past, courts have held that protection of sensitive financial information can be sufficient to justify sealing certain financial statements. *See, e.g. Vitel Diagnostics, Inc. v. Bossardet,*No. 11-cv-14575, 2012 WL 6028428 (E.D.Mich Oct. 12, 2012) (granting motion to seal documents that set forth detailed financial information for the complete operation of plaintiff's closely held business in a highly competitive and specialized market). Nevertheless, a corporation's interest in shielding "prejudicial information" from public view, standing alone, cannot justify the sealing of that information. *Brown & Williamson Tobacco Corp v. F.T.C.*, 710 F.2d 1165, 1180 (1983). "Indeed, common sense tells us that the greater the motivation a

corporation has to shield its operations, the greater the public's need to know." *Id*. The Sixth Circuit has directed that in such a case, "a court should not seal records unless public access would reveal legitimate trade secrets." *Id*.

**B.**

With regard to Plaintiff's motion for class certification, the parties have not met their high burden of showing that sealing the specific revenue amount contained on page 5 is necessary. It is clear from Defendant's response that it is not seeking to protect confidential business data, trade secrets, or third parties. Defendant does not seek to seal the allegation that it sells user information to third parties, nor does Defendant seek to seal what specific information it allegedly sells to third parties, nor does Defendant seek to seal the identity of the third parties to which it allegedly sells the information. Instead, Defendant only seeks to seal the alleged revenue amount that it derives from the alleged sales. The amount alone does not constitute a trade secret or confidential business data sufficient to outweigh the strong presumption of public access.

Moreover, the revenue that Defendant derives from selling user information is germane to the material issues in this matter. The essence of Plaintiff's claim is that Defendant is deriving the specific revenue amount through illegal sales of user information. For these reasons, Plaintiff's Motion to Seal seal will be denied with respect to Plaintiff's motion for class certification.

**C.**

With regard to Plaintiff's declarations and accompanying exhibits, Defendant adequately describes each exhibit and portion of each exhibit it wishes to seal and what information those exhibits contain. At this time, Plaintiff's motion to seal (as clarified by Defendant's response,

ECF No. 47) will be granted with respect to these exhibits, and the exhibits will be provisionally sealed. As noted, however, this is a court of public record. The request to seal the exhibits will be granted only on the condition that the documents are not necessary to an adjudicatory process. If the sealed items become relevant to an adjudicatory process (e.g., argument on the record in open court, publishing of a written opinion, etc.) this order will be revisited and the documents may be unsealed.

**D.**

The parties are instructed that any future motions to seal need to be filed in compliance with Local Rule 5.3(b). The rule is as follows:

> (b) Sealing Items Not Authorized by Statute or Rule.
>
>> (1) Except as provided by statute or rule, documents (including settlement agreements) or other items may be sealed in a civil case only by court order. A party or other person may not file or tender to the clerk an item proposed for sealing under this subrule unless the Court enters an order permitting sealing.
>>
>> (2) A party or other person seeking to file an item under seal in a civil case under LR 5.3(b) must either file and serve a motion or submit a proposed stipulated order to authorize sealing.
>>
>>> (A) A motion or stipulated order to authorize sealing must:
>>>
>>>> (i) state the authority for sealing;
>>>>
>>>> (ii) include an identification and description of each item proposed for sealing;
>>>>
>>>> (iii) state the reason that sealing each item is necessary;
>>>>
>>>> (iv) state the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and
>>>>
>>>> (v) have a supporting brief.
>>>
>>> (B) When a motion to seal is filed, the movant must submit a proposed order with the motion. The proposed order submitted with the motion or a proposed stipulated order must state the reason the seal is required.

E.D. MICH. LR 5.3(b)(A). As stated in the rule, the parties may not file sealed documents on the record without first obtaining the Court's permission to do so.

**III.**

Due to the confusion caused by the August 10 and 11 filings, ECF Nos. 35, 36, 37, 38, 39, 40, 41, 42, 44, and 45 will be stricken from the docket. Defendant's responses to those filings, ECF Nos. 49, 50, 51, 52, and 53, will also be stricken.

Plaintiff Kinder will be directed to refile her unredacted motion for class certification on the public docket. Plaintiff will also be directed to refile the Declaration by Ari J. Scharg (ECF No. 37) and the Declaration by Amir C. Missaghi (ECF No. 39) on the public docket. As attachments to those declarations, Plaintiff will be directed to file under seal the exhibits identified by Defendant Meredith Corporation in ECF No.47 using the "Sealed Documents" link under the "Civil Events" menu.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Kinder's Motion to Seal, ECF No. 43, is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that Plaintiff Kinder's Motion to Certify Class (ECF No. 35), Sealed Motion Certify Class (ECF No. 36), Declaration by Ari J. Scharg (ECF No. 37), Sealed Declaration of Ari J. Scharg (ECF No. 38), Declaration by Amir C. Missaghi (ECF No. 39), Sealed Declaration of Amir C. Missaghi (ECF No. 40), Motion to Certify Class (ECF No. 41), Sealed Motion to Certify Class (ECF No. 42), Motion to Amend/Correct (ECF No. 44), and Sealed Motion to Correct (ECF No. 45) are **STRICKEN**.

It is further **ORDERED** that Plaintiff Kinder is directed to **REFILE** an unredacted version of her motion for class certification on the public docket on or before Friday, September 11, 2015.

It is further **ORDERED** that Plaintiff Kinder is directed to **REFILE** the Declaration of Ari J. Scharg on the public docket with the accompanying exhibits sealed in conformity with the instructions set forth herein on or before Friday, September 11, 2015.

It is further **ORDERED** that Plaintiff Kinder is directed to **REFILE** the Declaration of Amir C. Missaghi on the public docket with the accompanying exhibits sealed in conformity with the instructions set forth herein on or before Friday, September 11, 2015.

It is further **ORDERED** that Defendant's Response to Motion to Certify Class (ECF No. 49), Declaration by Jeffrey Landis (ECF No. 50), Sealed Response to Motion to Certify Class (ECF No. 51), Sealed Exhibit (ECF No. 52), and Motion to Seal (ECF No. 53) are **STRICKEN**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 8, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 8, 2015.

s/Karri Sandusky
Karri Sandusky, Acting Case Manager