## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEBORAH KINDER, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MEREDITH CORPORATION, an Iowa corporation,<br><br>    Defendant. | Case No. 1:14-cv-11284-TLL-CEB<br><br>[Hon. Thomas L. Ludington] |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Deborah Kinder ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant Meredith Corporation ("Meredith" or "Defendant"). The Settlement Class and Plaintiff Kinder are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

**A.**     This putative class action was filed on March 28, 2014, in the United States District Court for the Eastern District of Michigan. Plaintiff alleges Defendant disclosed its customers' personal information to third parties in violation of the Michigan Video Rental Privacy Act, M.C.L. §§ 445.1711-15 ("VRPA") and in breach of its alleged contracts with the

putative class members. (Dkt. 1.)

    **B.**    Thereafter, on June 13, 2014, Defendant filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff Kinder lacked Article III standing and failed to state a claim upon which relief could be granted. (Dkt. 11.) Plaintiff filed her opposition brief on July 15, 2014 (Dkt. 16), and Defendant filed its reply brief on August 4, 2014. (Dkt. 19.)

    **C.**    On August 26, 2014, after full briefing, the Court entered an Order denying in part and granting in part Defendant's motion to dismiss. (Dkt. 20.)

    **D.**    Defendant thereafter answered Plaintiff's Complaint on September 9, 2104 by denying the allegations and raising fourteen (14) affirmative defenses. (Dkt. 21.)

    **E.**    Soon after entry of the Court's Case Management and Scheduling Order on October 2, 2014 (Dkt. 23), the Parties exchanged initial disclosures and served written discovery on each other and third parties.

    **F.**    Over the next eight months, the Parties engaged in substantial class- and merits-related discovery, which included the production and review of more than 200,000 documents, numerous meet-and-confer conferences, and the depositions of Plaintiff Kinder, two corporate representatives from Meredith, and a corporate representative from Acxiom Corporation.

    **G.**    On May 5, 2015, the Parties participated in a Court-ordered settlement conference in Bay City, Michigan, but were unable to make any progress toward resolution.

    **H.**    On September 11, 2015—after completing full class and merits discovery on June 29, 2015—Plaintiff filed her Motion for Class Certification. (Dkt. 55.) Defendant filed its response in opposition to the motion on September 21, 2015. (Dkt. 64.)

    **I.**    On September 25, 2015, the Parties participated in a formal mediation with Jed D. Melnick, Esq. at JAMS in New York City. After a full day of mediation, and numerous

rounds of arm's-length negotiations, the Parties ultimately reached agreement on the principal terms of this Settlement Agreement.

J.      At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

K.      Plaintiff believes that the claims asserted in the Action against Defendant have merit and that she would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the

best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>**AGREEMENT**</u>

**1.     DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1     "Action"** means *Kinder v. Meredith Corp*, Case No. 1:14-cv-11284-TLL-CEB, pending in the United States District Court for the Eastern District of Michigan.

**1.2     "Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

**1.3     "Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class

Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.4**    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Judgment. The Claims Deadline shall be clearly set forth in the Order for Notice and Hearing as well as in the Notice and the Claim Form.

**1.5**    **"Class Counsel"** means Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson PC.

**1.6**    **"Class Representative"** means the named Plaintiff in this Action, Deborah Kinder.

**1.7**    **"Court"** means the United States District Court for the Eastern District of Michigan, Southern Division, the Honorable Thomas L. Ludington presiding, or any judge who shall succeed him as the Judge in this Action.

**1.8**    **"Defendant"** means Meredith Corporation, the defendant in the Action.

**1.9**    **"Defendant's Counsel"** means Jacob Sommer and Jeffrey Landis of ZwillGen PLLC.

**1.10**    **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.11**    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit

accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

1.12    "**Fee Award**" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.13    "**Final**" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.14    "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

1.15    "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

1.16    "**Michigan Subscriber Information**" means the combination of a Person's name and the title(s) and/or interest information derived solely from the title of a Meredith Publication to which such Person currently subscribes and/or has previously subscribes, where the Person's

street address is in the state of Michigan.

**1.17    "Meredith Publication"** means any one of the following print magazines: Ageless Iron, AllRecipes, American Baby, American Patchwork & Quilting, Beautiful Homes, Better Homes and Gardens, Country Gardens, Country Home, Creative Home, Decorating, Diabetic Living, Do It Yourself, Eating Well, Every Day with Rachael Ray (nka Rachael Ray Every Day), Family Circle, FamilyFun, Fitness, Garden, Deck & Landscape, Garden Ideas, Heart Healthy Living, Ladies Home Journal, Living the Country Life, Midwest Living, More, Parents, Ready Made, Renovation Style, Scrapbooks, etc., Ser Padres, Siempre Mujer, Successful Farming, Traditional Home, Wood.

**1.18    "Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

**1.19    "Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-one (21) days after Preliminary Approval.

**1.20    "Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.21    "Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal

representative, trust, unincorporated association, government or any political subdivision or

agency thereof, and any business or legal entity and their spouses, heirs, predecessors,

successors, representatives, or assigns. "Person" is not intended to include any governmental

agencies or governmental actors, including, without limitation, any state Attorney General office.

    **1.22**    **"Plaintiffs"** means Deborah Kinder and the Settlement Class Members.

    **1.23**    **"Preliminary Approval"** means the Court's certification of the Settlement Class

for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the

form and manner of the Notice.

    **1.24**    **"Preliminary Approval Order"** means the order preliminarily approving the

Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing

notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to

the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

    **1.25**    **"Released Claims"** means any and all actual, potential, filed, known or unknown,

fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands,

liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages,

punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations

(including "Unknown Claims," as defined below), whether in law or in equity, accrued or

unaccrued, direct, individual or representative, of every nature and description whatsoever,

whether based on the VRPA or other federal, state, local, statutory or common law or any other

law, rule or regulation, against the Released Parties, or any of them, arising out of any facts,

transactions, events, matters, occurrences, acts, disclosures, statements, representations,

omissions or failures to act regarding the alleged disclosure of the Settlement Class Members'

magazine subscription information, including all claims that were brought or could have been

brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

1.26   **"Released Parties"** means Defendant Meredith Corporation, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.27   **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.28   **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services.

1.29   **"Settlement Administrator"** means Kurtzman Carson Consultants, LLC, or such

other reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

**1.30** **"Settlement Class"** means all persons with Michigan street addresses who purchased a subscription to a Meredith Publication between January 1, 2009 and March 28, 2014. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

**1.31** **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.32** **"Settlement Fund"** means the non-reversionary cash fund that shall be established by Defendant in the total amount of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) to be deposited into the Escrow Account, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the

Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than Seven Million Five Hundred Thousand Dollars ($7,500,000.00), plus the interest earned on such sum.

     **1.33** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.      **SETTLEMENT RELIEF.**

    **2.1     Payments to Settlement Class Members.**

        **(a)**      Defendant shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($7,500,000.00) within fourteen (14) business days after Preliminary Approval.

        **(b)**      Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by check after deducting the Settlement Administration Expenses, any Fee Award, and any incentive award.

        **(c)**      Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check.

        **(d)**      All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall, subject to Court approval, revert to the Michigan Bar Foundation's Access to Justice Fund.

    **2.2     Prospective Relief**.

        **(a)**      For a period of four (4) years following Preliminary Approval, except as provided in paragraphs 2.2(b)-(c) below, Defendant agrees not to disclose any Michigan Subscriber Information to any third-party companies without the prior express written consent of the affected subscribers.

        **(b)**      Nothing in this Settlement Agreement shall prevent Defendant from

disclosing Michigan Subscriber Information to third parties as may be reasonably required to produce, deliver, bill, collect payment for, renew, and otherwise manage, market, and fulfill orders for the Meredith Publications and other products and services offered by Meredith.

(c)     Nothing in this Settlement Agreement shall prohibit the transfer by Defendant of Michigan Subscriber Information to a third party in connection with a sale, merger, licensing agreement (or termination of a licensing agreement) or other transaction that transfers control over all or substantially all of the assets of a Meredith Publication or operating division that collects or processes Michigan Subscriber Information in the ordinary course of its business to such third party, or to any third party with which Meredith publishes and/or operates a Meredith Publication, provided that such third party agrees to treat any Michigan Subscriber Information it acquires in accordance with Defendant's obligations under Section 2.2 of this Agreement.

3.     **RELEASE.**

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

4.     **NOTICE TO THE CLASS.**

4.1     The Notice Plan shall consist of the following:

(a)     *Settlement Class List*.  No later than fourteen (14) business days after the execution of this Agreement, Defendant shall produce an electronic list from its records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent available,

13

belonging to persons within the Settlement Class. This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel. Providing the Class List shall be Meredith's sole obligation with respect to the Notice Plan.

(b)     *Direct Notice via Email.*  No later than fourteen (14) days from Preliminary Approval, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is identified in Defendant's records. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

(c)     *Direct Notice via U.S. Mail.*  No later than twenty-one (21) days from Preliminary Approval, the Settlement Administrator shall send notice substantially in the form attached as Exhibit C and a postcard Claim Form with return postage prepaid via First Class U.S. Mail to all Settlement Class Members who did not receive an email pursuant to Paragraph 4.1(b), above.

(d)     *Settlement Website.*  Within ten (10) days from Preliminary Approval, Notice shall be provided on a website at www.meredithmagazinesettlement.net, which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

(e)     *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served

upon the Attorneys General of each U.S. State in which Settlement Class members reside, the

Attorney General of the United States, and other required government officials, notice of the

proposed settlement as required by law.

**4.2**     The Notice shall advise the Settlement Class of their rights, including the right to

be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms.

The Notice shall specify that any objection to the Settlement Agreement, and any papers

submitted in support of said objection, shall be considered by the Court at the Final Approval

Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and

specified in the Notice, the Person making the objection files notice of an intention to do so and

at the same time (a) files copies of such papers he or she proposes to be submitted at the Final

Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class

Member represented by counsel, files any objection through the Court's CM/ECF system, and

(b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and

Defendant's Counsel.

**4.3**     Any Settlement Class Member who intends to object to this Agreement must

present the objection in writing, which must be personally signed by the objector, and must

include: (1) the objector's name and address; (2) an explanation of the basis upon which the

objector claims to be a Settlement Class Member, including the Meredith Publication(s) to which

he or she is or was a subscriber; (3) all grounds for the objection, including all citations to legal

authority and evidence supporting the objection; (4) the name and contact information of any and

all attorneys representing, advising, or in any way assisting the objector in connection with the

preparation or submission of the objection or who may profit from the pursuit of the objection

(the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to

appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

**4.4**      If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

**4.5**      A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the name of the Meredith Publication to which he or she is a subscriber, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a

request for exclusion must be postmarked or received by the date specified in the Notice.

**4.6**    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(e) is provided.

**4.7**    Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.**    **SETTLEMENT ADMINISTRATION.**

**5.1**    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on

account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(c)     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

(d)     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

**5.2**     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a Person submits a timely Claim Form by the Claims Deadline where the Person appears on the Settlement Class

List but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such Person one (1) reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline. In the event the Settlement Administrator receives such information more than thirty (30) days after the Claims Deadline, then any such claim shall be denied. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**5.3** Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to Jed D. Melnick of JAMS for binding determination.

**5.4** In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6. TERMINATION OF SETTLEMENT.

**6.1** Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final

Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

       **6.2**     If prior to the Settlement Hearing Persons who otherwise would be members of the Settlement Class have timely requested exclusion from the Settlement Class in accordance with the provisions of the Notice Order and the notice given pursuant thereto, and such Persons in the aggregate constitute more than 5 percent of the Settlement Class, Defendants shall have, in their sole and absolute discretion, the option to terminate this settlement in accordance with the procedures set forth in paragraph 6.1.

**7.**     **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

       **7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, C, and D hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Judgment and do not limit or impair the rights of the

Settlement Class.

      **7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

      **7.3**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

      **(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

      **(b)**     approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

      **(c)**     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

21

    **(d)**    find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

    **(e)**    dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

    **(f)**    incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

    **(g)**    permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

    **(h)**    without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

    **(i)**    incorporate any other provisions, as the Court deems necessary and just.

**8.**    **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

    **8.1**    Defendant agrees to pay Class Counsel from the Settlement Fund, subject to Court approval, an amount not to exceed 40% of the Settlement Fund, which shall include all attorneys' fees and reimbursement of expenses associated with the Action. Defendant agrees not to object to or otherwise challenge, directly or indirectly, Class Counsel's application for reasonable attorneys' fees and for reimbursement of expenses if limited to this amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court in attorneys' fees and

for reimbursement of expenses. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

**8.2**     Class Counsel shall be paid the Fee Award, in an amount determined by the Court, from the Settlement Fund within five (5) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date. Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel.

**8.3**     Defendant agrees to pay the Class Representative from the Settlement Fund, in addition to any Settlement Payment pursuant to this Agreement and in recognition of her efforts on behalf of the Settlement Class, subject to Court approval, an incentive award in the amount of Ten Thousand Dollars ($10,000.00). Defendant shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the incentive award to the Class Representative if limited to this amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court as the incentive award for the Class Representative. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within five (5) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date.

9.      **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

   **(a)**     The Parties and their counsel have executed this Agreement;

   **(b)**     The Court has entered the Preliminary Approval Order;

   **(c)**     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

   **(d)**     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the

incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10.     MISCELLANEOUS PROVISIONS.

**10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or

any of them, in bad faith or without a reasonable basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

**(a)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)**    is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the

settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

      **(d)**      is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      **(e)**      is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

      **10.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

      **10.6**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

      **10.7**    All of the Exhibits to this Agreement are material and integral parts thereof and

are fully incorporated herein by this reference.

**10.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.10**    Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that she is fully entitled to release the same.

**10.11**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.12**    This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

**10.16**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Ari J. Scharg, Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; Jacob Sommer, ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington, D.C. 20036.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.<br>SIGNATURE PAGE FOLLOWS]

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: October __, 2015

**DEBORAH KINDER**

By: _Deborah kinder_

Deborah Kinder, individually and as representative
of the Class

Dated: October __, 2015

**MEREDITH CORPORATION**

By:_____

Its: General Counsel, National Media & Marketing

**IT IS SO STIPULATED BY COUNSEL:**

Dated: October _8_, 2015

**EDELSON PC**

By:_____

Jay Edelson
Ari J. Scharg
Benjamin S. Thomassen

*Attorneys for Plaintiff and the Settlement Class*

Dated: October __, 2015

**ZWILLGEN PLLC**

By:_____

Jacob Sommer
Jeffrey Landis

*Attorneys for Defendant*

30

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: October ___, 2015                    **DEBORAH KINDER**

By:_____
Deborah Kinder, individually and as representative
of the Class

Dated: October 8, 2015                       **MEREDITH CORPORATION**

By:_____
Its: General Counsel, National Media & Marketing

**IT IS SO STIPULATED BY COUNSEL:**

Dated: October ___, 2015                    **EDELSON PC**

By:_____
Jay Edelson
Ari J. Scharg
Benjamin S. Thomassen

*Attorney for Plaintiff and the Settlement Class*

Dated: October 8, 2015                      **ZWILLGEN PLLC**

By:_____
Jacob Sommer
Jeffrey Landis

*Attorneys for Defendant*

30