UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH KINDER, individually and
on behalf of all other similarly situated,

                Plaintiff,                              Case No. 14-cr-11284

v                                                        Honorable Thomas L. Ludington

MEREDITH CORPORATION,

                Defendant.

_____/

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

This case is a putative class action brought by Plaintiff Deborah Kinder on behalf of herself and similarly-situated individuals against Defendants Meredith Corporation. Kinder alleges that, after she subscribed to receive certain of Defendant Meredith's magazine publications, Meredith improperly disclosed her personal information to third-parties. As a result of these disclosures, Kinder claims that she has received "unwanted commercial solicitations and advertisements" that "cause her emotional distress, including irritation, annoyance, and anxiety and fear that her personal information will fall into the hands of thieves and scammers." Compl. ¶ 50. Kinder filed her complaint on March 28, 2014 alleging violations of the Michigan's Video Rental Privacy Act ("VRPA"), Mich. Comp. Laws § 445.1712, breach of contract, and unjust enrichment. Pursuant to Meredith's motion to dismiss, Kinder's breach of contract claim was dismissed from the action, and her remaining claims proceeded to discovery.

The matter has now settled. *See* ECF No. 69. After pending for over a year and a half, Plaintiff Kinder has filed an unopposed motion for preliminary approval of the class settlement agreement and approval of the class notice. *See* Pls.' Mot., ECF No. 72. In it, the parties seek

preliminary approval of the Settlement Class as defined as "All Michigan residents who purchased a subscription to a Meredith Publication between January 1, 2009 and March 28, 2004." *Id*. at 7.

## I.

As an initial matter, the Court must ensure that the proposed Settlement Class may be certified for settlement purposes. "Especially in the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). "Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620, (1997).

The Court is persuaded that the proposed Settlement Class satisfies the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a). First, for the numerosity requirement under Rule 23(a)(1), a class must be "so numerous that joinder of all members is impracticable." *Id*. That is satisfied here, where the Settlement Class is, comprised of approximately 980,000 Michigan residents. Second, because there are common questions of both law and fact, including the course of Meredith's conduct with customer purchasing information and the applicability of VRPA to that conduct, the commonality requirement is satisfied. *See* Fed. R. Civ. P. 23(a)(2). Third, Plaintiff Kinder's claims are typical of the claims of the class because Kinder's claim "arises from the same events or practice or course of conduct that gives rise to the claims of other class members. *Gilkey v. Central Clearing Co.,* 202 F.R.D. 515, 524 (E.D. Mich. 2001); Fed. R. Civ. P. 23(a)(3). Finally, because Plaintiff Kinder and her

counsel have common interests with the unnamed members of the class, and it appears that Plaintiff Kinder has, and will, vigorously prosecuted the interests of the class through qualified counsel, the "Adequacy of Representation" requirement is satisfied. *See* Fed. R. Civ. P. 23(a)(4).

The Court is also persuaded that common questions of law or fact predominate over individual issues. Generalized evidence regarding the conduct of Meredith would prove or disprove elements of the action on a class-wide basis. *See In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 339 (E.D. Mich. 2001). Because a class action would achieve "economies of time, effort, and expense and promote… uniformity of decision as to persons similarly situated", a class action is superior to other methods of adjudicating the claims under Rule 23(b)(3). *Amchem*, 521 U.S. at 615.

Accordingly, for purposes of settlement only the class will be certified, Plaintiff Kinder will be appointed Class Representative, and Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson will be appointed as Class Counsel.

**II.**

The next step in moving this matter toward a resolution following settlement is preliminarily approving the parties' settlement agreement. Federal Rule of Civil Procedure 23(e) requires the district court to determine "whether the terms proposed are fair, adequate and reasonable to those it affects and in the public interest." *In re Delphi Corp. Securities, Derivative & ERISA Litig.*, 248 F.R.D. 483, 496 (E.D. Mich. 2008) (internal quotations and citations omitted). There is a strong "federal policy favoring settlement of class actions." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007). Thus, a settlement agreement should be preliminarily approved provided it "is not the product of fraud or overreaching by, or collusion between, the negotiating parties and

that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986) (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (internal quotation marks omitted)).

Courts in the Sixth Circuit have found eight factors relevant in considering whether a class action settlement is fair, adequate, reasonable and consistent with the public interest. These factors are:

> (a) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) whether the settlement is fair to the unnamed class members; (f) objections raised by class members; (g) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (h) whether the settlement is consistent with the public interest.

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 518, 522 (E.D. Mich. 2003).

The motion for preliminary approval submitted by the parties is thorough and reflects a comprehensive and diligent process by which resolution was reached, considering the likelihood of success on the merits and the risks, expense and delay of further litigation. The settlement agreement adequately resolves the dispute between the parties in a manner that is fair to those involved. Under the proposed settlement, Meredith will be prevented from disclosing any Michigan Subscriber Information to any third-party companies for a period of four years. Putative Class Members will also receive a *pro rata* monetary disbursement from a $7.5 million non-reversionary settlement fund to be established by Meredith. Finally, both parties were represented by sophisticated and experienced counsel, a fact which favors approval of the settlement. *See In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1016 (S.D. Ohio 2001) ("The Court should always give significant weight to the belief of experienced Counsel that the

settlement is in the best interest of the class."). The settlement agreement will be preliminarily approved pending a final approval hearing.

### III.

As part of the Settlement Agreement, class counsel has represented to the Court that they are seeking an amount not to exceed 35 percent of the settlement fund. "[A] lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). In common fund cases, the Sixth Circuit has held that attorneys' fee awards should be "reasonable under the circumstances", and so "a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *In re Delphi Corp.*, 248 F.R.D. at 502. There is a trend away from using the lodestar method of calculating fee awards in common fund cases, as courts in the Sixth Circuit have found that the "percentage-of-the-fund" method more accurately approximates a reasonable award for fees. *Id*.

Courts in the Sixth Circuit have generally found fees within 20 to 30 percent of the fund to be reasonable. *See Cardizem*, 218 F.R.D. at 532 (collecting cases in the Sixth Circuit). To determine the reasonableness of attorney fee requests, courts in the Sixth Circuit must evaluate the following six factors: (1) the value of the benefit rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir.1983).

Class counsel's request for an amount not to exceed 35 percent of the settlement fund is reasonable under the circumstances, where class counsel have obtained a uniquely beneficial

agreement for the class in a complex matter under the VRPA. Class counsel has completed class and merits discovery, reviewed thousands of documents, completed multiple rounds of briefing, and engaged in successful mediation in New York. Finally, class counsel have extensive experience in litigating class actions of similar size, scope, and complexity to the instant action.

**IV.**

Following preliminary approval, putative class members must be notified of the settlement. See Fed. R. Civ. P. 23(e)(1). "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id*. "[N]otice must . . . fairly apprise . . . prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests." *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 423 (6th Cir. 2012) (quoting *UAW v. Gen. Motors Corp.*, 497 F.3d at 630 (internal quotation marks omitted)). To meet this standard, a class notice should "inform[] the class members of the nature of the pending action, the general terms of the settlement, that complete and detailed information is available from the court files, and that any class member may appear and be heard at the hearing." Newberg on Class Actions § 8:17 (5th ed.). That standard is not binding but fairly approximates the due process requirements associated with class notice.

The parties have represented that the Settlement Administrator, Kurtzman Carson Consultants, LLC, will send direct notice by email to all Settlement Class members for whom a valid email address is identified in Meredith's records, containing a link to the online claim form. The Settlement Administrator will also send direct notice by First Class U.S. Mail, along with a postcard claim with prepaid return postage, to all Settlement Class Members who did not receive an email. Further, the Settlement Administrator will establish a Settlement Website that shall

contain the long form notice, as well as access to important Court documents, upcoming deadlines, and the ability to file claim forms online. The parties have also represented that the Settlement Administrator will notify federal and state authorities consistent with 28 U.S.C. § 1715. The proposed notice satisfies due process. Distribution will be directed.

Finally, a deadline for objections and a hearing date must be scheduled. All proposed class members have a right to object to the proposed settlement. *See* Fed. R. Civ. P. 23(e)(5). If a proposed class member files an objection he or she may be heard, individually or through counsel, at the approval hearing. To facilitate notice and permit time for objections to be received and considered, a hearing will be scheduled on May 11, 2016 at 4:00 PM. Class members will be required to object on or before April 11, 2016, giving them time to fully evaluate their options and, if they see fit, retain counsel in advance of the hearing.

**V.**

Plaintiff Deborah Kinder and Defendant Meredith Corp. have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, outlines the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"). The Court has read and considered the Settlement Agreement and exhibits attached.

**ACCODINGLY, IT IS ORDERED AS FOLLOWS:**

1. The terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Court preliminarily approves the Settlement Agreement subject to the Final Approval Hearing referred to in paragraph 20 of this Order.

3. The Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Certification of the Settlement Class**

5. For purposes of settlement only: (a) Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson PC are appointed Class Counsel for the Settlement Class; and (b) Deborah Kinder is named Class Representative. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Kinder will adequately protect the interests of the Settlement Class defined below.

6. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All Michigan residents who purchased a subscription to a Meredith Publication between January 1, 2009 and March 28, 2014.

7. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 20 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (e,g., whether Defendant obtained consent before disclosing to third parties Plaintiff's and the Settlement Class's Subscriber Information, whether Defendant notified Plaintiff and the Settlement Class Members that it sells Subscriber Information, whether Defendant's disclosure of Plaintiff's and the Settlement Class Members' Magazine Subscriber Information violated the Michigan Video Rental Privacy Act, M.C.L. §§ 445.1712, et al. ("VRPA"), and whether Plaintiff and the Settlement Class members are entitled to uniform statutory damages under the VRPA); the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

8. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representative and the Settlement Class would bear the burden of establishing the

propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

9. The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B, C, and D thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary. The parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10. The Court approves the request for the appointment of Kurtzman Carson Consultants, LLC as Settlement Administrator of the Settlement Agreement.

11. Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to send direct notice via U.S. Mail and email in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

**Exclusion**

12. Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit their Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within forty-five (45) days after the date of the entry of the Final Judgment.

13. Members of the Settlement Class who wish to exclude themselves from the Class may do so if, on or before the **Objection/Exclusion Deadline of April 11, 2016**, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

14. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, the name of the Meredith publication to which he or she is a subscriber, a signature, the name

and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. So called "mass" or "class" opt-outs shall not be allowed.

15. Members of the Settlement Class who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

16. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Members of the Class may object on their own, or may do so through separate counsel at their own expense.

17. To object, members of the Class must sign and file a written objection no later than on or before the **Objection/Exclusion Deadline April 11, 2016**. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and

      Notice, and include his or her name and address, ; an explanation of the basis upon which he or she claims to be a Settlement Class Member, including the Meredith publication to which he or she is or was a subscriber;, a signature,; all grounds for the objection, including all citations to legal authority and evidence supporting the objection,; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"),; and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with Eastern District of Michigan Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

18. Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 20, below.

19. To be valid, objections must be filed with the Court and sent to Class Counsel: Ari Scharg of Edelson PC, 350 North LaSalle, Suite 1300, Chicago, IL 60654, and to Defendant's Counsel: Jacob Sommer of ZwillGen PLLC, 1900 M St. NW, Washington,

DC 20036. In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

**Final Approval Hearing**

20. The Final Approval Hearing shall be held before this Court on **May 11, 2016 at 4:00 PM** in **Room 206 at the United States Post Office Building, 1000 Washington Avenue, Bay City, Michigan** to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

21. Class Counsel shall file papers in support of their Fee Award and Class Representative's Incentive Award (collectively, the "Fee Petition") with the Court on or before **March 28, 2016**. Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before **April 14, 2016**. Class Counsel may file a reply in support of their Fee Petition with the Court on or before **April 21, 2016**.

22. Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before **April 21, 2016**.

**Further Matters**

22. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

23. Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

24. If the Settlement Agreement is not approved by the Court in accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

25. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further

force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

**IT IS SO ORDERED.**


Dated: February 5, 2016                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 5, 2016.

                                       s/Michael A. Sian
                                       MICHAEL A. SIAN, Case Manager