UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH KINDER, individually and
on behalf of all other similarly situated,

        Plaintiff,                            Case No. 14-cv-11284

v                                                   Honorable Thomas L. Ludington

MEREDITH CORPORATION,

        Defendant.
_____/

## FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, Plaintiff Deborah Kinder ("Plaintiff"), individually and as Class Representative, and Defendant Meredith Corporation ("Defendant") have entered into a Settlement Agreement (ECF No. 74), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice; and

WHEREAS, on February 5, 2016, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "All Michigan residents who purchased a subscription to a Meredith Publication between January 1, 2009 and March 28, 2014" (ECF No. 76); and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement (ECF No. 74), as well as Plaintiff's Motion for Final Approval of the Settlement Agreement (ECF No. 79), Plaintiff's Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award (ECF No. 77), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on May 11, 2016, and the

record in the Action, and good cause appearing,

It is hereby **ORDERED and ADJUDGED** that:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3. The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 74) and order granting Preliminary Approval (ECF No. 76) — including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website—fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4. No Class Member has objected to any of the terms of the Settlement Agreement and 33 individuals submitted timely requests for exclusion.

5. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

6. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to the disputed factual and legal circumstances of and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

7. The Court has specifically considered the factors relevant to class action settlement approval, including:

> (a) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) whether the settlement is fair to the unnamed class members; (f) objections raised by class members; (g) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (h) whether the settlement is consistent with the public interest.

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 518, 522 (E.D. Mich. 2003).

8. The Court finds that the Class Representative and Class Counsel

adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

9. Accordingly, the Settlement is hereby **FINALLY APPROVED** in all respects.

10. The Parties are **DIRECTED** to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11. This Court hereby **DISMISSES** the Action, as identified in the Settlement Agreement, **on the merits and with prejudice**.

12. Upon the Effective Date of this Final Judgment, Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations shall be deemed to have released Defendant, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors,

underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VRPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' magazine subscription information, including all claims that were brought or could have been brought in the Action.

13. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

14. The Court has also considered Plaintiff's Motion and supporting declarations for attorneys' fees to Class Counsel and adjudges that the payment of $2,625,000.00 is reasonable in light of the multi-factor test used to evaluate fee awards in the Sixth Circuit. *See Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974); *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). This award includes Class Counsel's unreimbursed litigation expenses.

15. The Court has also considered Plaintiff's Motion and supporting declarations for an incentive award to the Class Representative, Deborah Kinder. The Court adjudges that the payment of an incentive award in the amount of $10,000.00 to Ms. Kinder, to compensate her for her efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within ninety (90) days of issuance shall revert to the Michigan Bar Association's Access to Justice Fund, which the Court approves as an appropriate *cy pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

17. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

18. Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

19. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

**IT IS SO ORDERED:**


Dated: May 18, 2016                     s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager